# EXHIBIT D

Received 10/26/2017 3:32:59 PM Superior Court Eastern District

Filed 10/26/2017 3:32:00 PM Superior Court Eastern District
124 EDM 2017

IN THE SUPERIOR COURT OF PENNSYLVANIA

| | |
|---|---|
| CELLAR ADVISORS, LLC,<br>DOMAINE SAINT LOUIS, LLC, f/k/a<br>CELLAR, LLC,<br>MARC LAZAR, and<br>DOMAINE NEW YORK, LLC<br><br>                    Petitioners,<br><br>    vs.<br><br>GREAT NORTHERN INSURANCE COMPANY,<br>AS SUBROGEE OF REID AND KRISTA<br>BUERGER<br><br>                    Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:      ____ Miscellaneous Docket ____ |

## PETITION FOR PERMISSON TO APPEAL

### I.     JURISDICTIONAL STATEMENT

1.     This Court has jurisdiction over this Petition for Permission to Appeal pursuant to §742 of the Judicial Code, 42 Pa. C.S. §742, and pursuant to §702(b) of the Judicial Code, 42 Pa. C.S. §702(b). This Petition for Permission to Appeal is filed pursuant to the provisions of Pa. R.A.P. 1311 and Pa. R.A.P. 1312.

### II.     TEXT OF ORDERS IN QUESTION

2.     The text of the Orders in question, from which Petitioners seek to appeal, are as follows:

> AND NOW, this 19th day of June, 2017 upon consideration of the Preliminary Objections of Defendants, Cellar Advisors, LLC, Domaine Saint Louis, LLC, Marc Lazar, and Domaine New York, LLC, to Plaintiff's Complaint, and Plaintiff's Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Preliminary Objections are DENIED.

On July 19, 2017, Petitioners filed a Motion for Reconsideration or in the Alternative to Amend

the Order dated June 19, 2017 to Permit an Appeal solely as to Petitioners' preliminary objection with regard to Petitioners' assertion that the Court of Common Pleas of Montgomery County lacks of personal jurisdiction over the Petitioners. By Order dated September 18, 2017, the Order dated June 19, 2017 was vacated:

> Upon considering Defendants' motion for reconsideration of this Court's order of June 19, 2017, overruling their preliminary objections, arguing that under *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), decided by the United States Supreme Court the same day, this Court's ruling upholding personal jurisdiction over Defendants was in error, the Court hereby orders that the order overruling Defendants' preliminary objections is vacated, and the objections are scheduled for oral argument before the undersigned on 9/28/2017, at 9:30 A.M., to reconsider the issue of personal jurisdiction raised in the preliminary objections, only, in light of the Supreme Court's decision in *Bristol-Myers Squibb*.

On September 28, 2017, after oral argument, the Court of Common Pleas of Montgomery County entered an Order which again overruled Petitioners' preliminary objection to personal jurisdiction. Although the Court of Common Pleas of Montgomery County overruled Petitioners' preliminary objection, it included language in its Order dated September 28, 2017 to permit the filing of this Petition for Allowance of Appeal:

> Upon reconsidering Defendants' preliminary objections to Plaintiff's complaint, previously denied by this Court, but rescheduled for oral argument on the sole issue of whether this Court could exercise personal jurisdiction over Defendants in this action in light of the United States Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court,* 137 S. Ct. 1773 (2017), rendered the same day as our order overruling the preliminary objections, and having now heard the parties' oral arguments taking into account the *Bristol-Myers Squibb* case, the Court hereby orders and finds as follows: The preliminary objections raising lack of personal jurisdiction are again *overruled.* However, the Court finds, pursuant to 42 Pa. C.S. § 702(b), "that [this] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter." Within *thirty days* after entry of this order, Defendants shall either petition the Superior Court of Pennsylvania for permission to appeal this interlocutory order under Pa. R.A.P. 1311(b), or file an answer to Plaintiff's complaint.

The Orders dated June 19, 2017, September 18, 2017 and September 28, 2017 are attached as Exhibits "A," "B," and "C," respectively.

### III. STATEMENT OF THE CASE

3. On December 2, 2016, Respondent, Great Northern Insurance Company, instituted this action in the Court of Common Pleas of Montgomery County as subrogee of Reid and Krista Buerger, to recover damages it allegedly paid to its subrogors for wine that the subrogors claim was lost at Petitioners' storage facilities which are located in Missouri and New Jersey. A true and correct copy of the Complaint is attached hereto as Exhibit "D."

4. On January 26, 2017, Petitioners filed several Preliminary Objections to the Respondent's Complaint, one of which sought the dismissal of the Complaint for lack of personal jurisdiction.

5. Petitioners contest the exercise of personal jurisdiction over them by the Court of Common Pleas of Montgomery County as none of the parties to this action are Pennsylvania residents and Petitioners have no contacts specific to Respondent's claims with the Commonwealth of Pennsylvania with regard to the issue of personal jurisdiction, Petitioners developed a record which demonstrated the following:

- None of the four Petitioners are residents of Pennsylvania; they are residents of either Missouri and New Jersey;
- Respondent is not a resident of Pennsylvania; it is incorporated in Indiana with a principal place of business in New Jersey;
- Respondent's subrogors, the Buergers, are Pennsylvania residents;
- In or about 2003, Petitioner, Marc Lazar, began providing a variety of wine

3

consulting services on an *ad hoc* basis to Mr. Buerger;

- In 2005, Petitioner Cellar Advisors was incorporated and Mr. Lazar's services were provided under the auspices of that corporate entity;

- Prior to 2006, some of Mr. Buerger's wine was stored in New Jersey at a facility owned by a third-party (Western Carriers);

- In 2006 Petitioner Domaine St. Louis, LLC opened a storage facility located in St. Louis, Missouri. At or about that time, some of the wine which had been stored at Western Carriers' facility in New Jersey was transferred to the Domaine St. Louis, LLC's facility in Missouri;

- In 2012, Petitioner Domaine New York, LLC opened a storage facility in New Jersey. At or about that time, the Buergers' remaining inventory at Western Carriers' New Jersey facility was moved to Domaine New York, LLC's facility in New Jersey;

- In 2014, Mr. Buerger terminated all of his business relationships with Petitioners and sent his agents to Domaine New York, LLC's facility in New Jersey and Domaine Saint Louis, LLC's facility in Missouri to retrieve the wine;

- During the course of Petitioners' business relationship with Mr. Buerger, and with Mr. Buerger's authorization, Petitioners purchased wine on behalf of Mr. Buerger. Said wine was stored in Petitioners' facilities in Missouri and New Jersey and upon Mr. Buerger's request, the wine was transported to him, via his preferred method of transport, and at his expense. At times, this resulted in third parties shipping wine to Mr. Buerger in Pennsylvania;

- None of the wine at issue was ever stored in Pennsylvania; rather, it was stored at Petitioners' facilities located in Missouri and New Jersey;

- Petitioners never purchased any wine for Mr. Buerger in Pennsylvania.

6. The propriety of the trial court's exercise of personal jurisdiction over the Petitioners must be tested against both the Pennsylvania long arm statute, 42 Pa. C.S.A. § 5322, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Copies of these provisions are attached hereto as Exhibits "E" and "F," respectively.

7. In response to Petitioners' jurisdictional challenge, Respondent contends that the Pennsylvania courts may exercise specific jurisdiction over Petitioners because the Respondent's subrogor is a Pennsylvania resident.

8. By Order dated June 19, 2017, the trial court overruled Petitioners' preliminary objection to its exercise of personal jurisdiction.

9. On the very same day - - June 19, 2017 - - the Supreme Court of the United States issued its opinion in the matter captioned, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017) ("*BMS*"), which held that in determining whether a forum's exercise of specific personal jurisdiction over a party complies with the Fourteenth Amendment's Due Process Clause, the nature of the required connection between the suit and the proposed forum jurisdiction may not be relaxed based on a "sliding scale" that depends on the extent of the defendant's general connections with that jurisdiction. Rather, all that can be considered in determining whether the exercise of specific jurisdiction is appropriate are the defendants' <u>contacts with the proposed forum jurisdiction that are specific to the plaintiff's claims</u>.

10. Based upon the Supreme Court's Opinion in *BMS*, on July 19, 2017, Petitioners

5

filed a Motion for Reconsideration, or, in the Alternative, to Amend the Order to Permit an Appeal pursuant to Pa. R.A.P. 311 with regard to the preliminary objection for lack of personal jurisdiction.

11. On September 28, 2017, the trial court entered an Order again overruling the preliminary objection to jurisdiction. The Court of Common Pleas did however certify the Order for interlocutory appeal: "However, the Court finds, pursuant to 42 Pa. C.S. § 702(b), 'that [this] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.'" Exhibit "C."

## IV.   CONTROLLING QUESTION OF LAW PRESENTED

12. The controlling question of law decided by the trial court that Petitioners seek to present to this Court is as follows:

> **Whether pursuant to 42 Pa. C.S.A. § 5322, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, the trial court possesses the authority to exercise specific jurisdiction over Petitioners to adjudicate the claims asserted by Respondent?**

## V.   REASONS WHY THE PETITION FOR PERMISSION TO APPEAL SHOULD BE GRANTED

13. This Honorable Court should grant the instant Petition for Permission to Appeal for the following reasons:

- As found by the trial court, the **controlling question of law presented involves a substantial ground for difference of opinion**. This case involves a dispute between a Plaintiff incorporated in Indiana with an office in New Jersey and Defendants incorporated in Missouri and New Jersey for damages allegedly sustained in Indiana or New Jersey. These damages (payment of insurance proceeds) allegedly sustained by Plaintiff concern wine which was purchased

6

outside of Pennsylvania and which was allegedly misplaced or otherwise converted while being stored in Missouri and New Jersey. None of the parties to the action are Pennsylvania residents and all of the alleged tortious misfeasance and/or nonfeasance occurred outside of Pennsylvania. To the extent Petitioners had contacts with Respondent's subrogor who is a Pennsylvania resident; those contacts are not specific to the claim being brought which concerns the alleged conversion of wine in New Jersey and Missouri. Further, pursuant Pa. R.A.P. 311(b) an appeal may be taken as of right where the trial court's order sustaining jurisdiction states that a "substantial issue" of jurisdiction is presented. In the instant matter, the court's order states it "involves a controlling question of law as to which there is substantial ground for difference of opinion." As the only question of law presented to the Court of Common Pleas of Montgomery County was whether the court may legitimately exercise jurisdiction over Petitioners, the Order essentially states that a substantial issue of jurisdiction is presented. Thus, this appeal should be permitted as Pa. R.A.P. 311(b) provides that appeal may be taken as of right where this requirement is met.

- As found by the trial court, **<u>an immediate appeal on the controlling question of law presented may materially advance ultimate termination of this matter.</u>** An appeal of the issue of whether the trial court may legitimately exercise personal jurisdiction over Petitioners is necessary at this juncture before the parties expend significant time and resources litigating the merits of the claim in the Court of Common Pleas of Montgomery County. Requiring Petitioners to wait until after trial of this matter to seek appellate review of whether the trial court possesses the authority to exercise jurisdiction over them will result in irreparable harm and prejudice to Petitioners and will delay the ultimate termination of the matter. If Petitioners appeal after trial and prevail, they will have been unconstitutionally hauled into a court which did not possess jurisdiction over their persons and potentially could be forced to re-litigate the entire issue in another forum where these claims could have initially been properly filed, e.g., St. Louis, Missouri. Permitting appellate review at this time would prevent this from occurring and ensure that this matter is adjudicated in the most judiciously expedient manner.

WHEREFORE, Petitioners pray the Court grant Petitioner's Petition for Permission to Appeal, and reverse the Order of June 19, 2017, re-entered and amended on September 28, 2017.

**LITCHFIELD CAVO**

BY: _____
Andrew S. Kessler, Esquire
T. Justin Chapman, Esquire

Attorneys for Petitioners,
Cellar Advisors, LLC,
Domaine Saint Louis, LLC, f/k/a
Cellar, LLC, Mark Lazar and
Domaine of New York, LLC

## CERTIFICATE OF SERVICE

I, T. Justin Chapman, attorney for Petitioners Cellar Advisors, LLC, Domaine Saint Louis, LLC, f/k/a Cellar, LLC, Marc Lazar and Domaine New York, LLC, certify that a true and correct copy of the foregoing Petition for Permission to Appeal was served on all parties of record listed below via e-filing and United States First Class Mail on October 26, 2017, addressed as follows:

Paul R. Bartolacci, Esquire
Michael O'Donnell, Esquire
Cozen O'Connor
1650 Market Street
One Liberty, Suite 2800
Philadelphia, PA 19103

By: _____
T. Justin Chapman, Esquire