**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NETHERLANDS INSURANCE COMPANY and HAWKEYE-SECURITY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiffs/Counterclaim Defendants, | ) ) |
| v. | ) ) |
| CELLAR ADVISORS, LLC, DOMAINE SAINT LOUIS, LLC, DOMAINE NEW YORK, LLC, and MARC LAZAR, | ) ) ) ) |
| Defendants/Counterclaimants/ Crossclaim Defendants, | ) ) ) |
| and | ) ) |
| GREAT NORTHERN INSURANCE COMPANY, | ) ) ) |
| Defendant/Crossclaimant. | ) |

Case no.  4:17cv02585PLC

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court (1) on review of the record regarding the need for each of

the four organizational Defendants to file a Disclosure of Organizational Interests Certificate

("Certificate"); (2) on a motion for continuance of the Rule 16 Conference filed by Netherlands

Insurance Company ("Netherlands") and Hawkeye-Security Insurance Company ("Hawkeye-

Security") (collectively referred to as "Plaintiffs") [ECF No. 44];[1] and (3) on a motion to dismiss

Defendant/Crossclaimant Great Northern Insurance Company's ("Great Northern's") crossclaim,

filed by Defendants/Crossclaim Defendants Cellar Advisors, LLC ("Cellar Advisors"), Domaine

Saint Louis, LLC ("Domaine StL"), Domaine New York, LLC ("Domaine NY"), and Marc

Lazar (collectively referred to as "Cellar Defendants") [ECF No. 35].

---

[1] Each Plaintiff filed its Certificate.  <u>See</u> Certificates, filed Oct. 16, 2017 [ECF Nos. 5 and 6].

## I.    Background

Great Northern "issued a homeowners' insurance policy to [non-parties] Reid and Krista Buerger . . . [who] contracted with . . . Cellar Defendants for wine consultation and storage services."[2]   When the Buergers' approximately nine-year relationship with Cellar Defendants ended in 2014, the Buergers claimed that approximately 1,300 bottles of their wine, having a value over $1.9 million, were missing.[3]   Great Northern paid the Buergers for the loss and, as subrogee of the Buergers, is now suing Cellar Defendants in a Pennsylvania state court to recover the loss.[4]

Plaintiff Netherlands issued a $1 million per occurrence primary commercial general liability insurance policy and Plaintiff Hawkeye-Security issued a $1 million per occurrence umbrella policy for the period July 5, 2012, to July 5, 2013.[5]   Netherlands issued its policy to Cellar Advisors, Domaine StL, and Domaine NY, and Hawkeye-Security issued its policy to Cellar Advisors and Domaine StL.[6]   Defendants Cellar Advisors, Domaine StL, and Domaine NY "are [allegedly] owned, operated, and/or managed by [D]efendant Marc Lazar, [and] are in the business of wine consultation and storage."[7]

Utilizing this Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiffs seek declaratory judgment relief under 28 U.S.C. § 2201.[8]   By their four-count complaint, Plaintiffs

---

[2]  Pls.' compl. para. 2 [ECF No. 1].

[3]  Pls.' compl. para. 28 [ECF No. 1].

[4]  Pls.' compl. paras. 3 and 29 [ECF No. 1].

[5]  Pls.' compl. paras. 32 and 33 [ECF No. 1].

[6]  Pls.' compl. paras. 32 and 33 [ECF No. 1].

[7]  Pls.' compl. para. 1 [ECF No. 1].

[8]  Pls.' compl. [ECF No. 1].

seek a judgment declaring that there is no coverage under their insurance policies and Plaintiffs have no duty to defend or indemnify Cellar Defendants because the alleged loss: (1) did not result from an occurrence either within the policies' period or that was unknown prior to the policies' effective dates; (2) did not result from an "occurrence" or "accident" as defined by the policies due to Great Northern's claims for conversion and breach of contract; (3) is not for "property damage" as defined in the policies, but instead is for wine that was lost, stolen, or never acquired; and (4) falls within one or more of the policies' exclusions.[9]

Great Northern filed a crossclaim alleging eight claims against Cellar Defendants.[10] Cellar Defendants filed a counterclaim seeking relief for Plaintiffs' alleged breach of their insurance policies by denying indemnification and defense of Cellar Defendants with respect to Great Northern's claims in the Pennsylvania lawsuit and crossclaim in this lawsuit.[11] Cellar Defendants allege in relevant part that Great Northern's crossclaim in this lawsuit "makes the same general allegations that [Great Northern made] in the [Pennsylvania lawsuit] complaint."[12]

## II.     Disclosure of Organizational Interests Certificate

Local Rule 3-2.09(A) requires "[e]very non-governmental organizational party" to file a Certificate "with the party's first pleading or entry of appearance." In relevant part, the Certificate provides specified information about the ownership of a corporate entity and the membership of a limited liability company or partnership. Local Rule 3-2.09(B). In the Court's

---

[9] Pls.' compl. paras. 5, 60-61, 64-72, 74-80, and 82-95 [ECF No. 1].

[10] Great Northern's crossclaim [ECF No. 23 at 11-23].

[11] Cellar Defs.' counterclaim [ECF No. 33 at 12-19].

[12] Cellar Defs.' counterclaim para. 17 [ECF No. 33 at 15].

Order Setting Rule 16 Conference, the Court reminded "[a]ll non-governmental corporate parties . . . to comply with" the Local Rule requiring the filing of the Certificate.[13]

An entry of appearance on behalf of each Defendant was first filed in November 2017.[14] Each Defendant filed an answer in November or December 2017.[15] A review of the record reveals that, as of this date, none of the four Defendants who are "non-governmental organizational" litigants have filed Certificates. Therefore, the Court will set a deadline for each of those Defendants to file the Certificate.

### III. Plaintiffs' motion for continuance of Rule 16 conference [ECF No. 44]

The Court scheduled a Rule 16 conference for March 15, 2018.[16] Plaintiffs ask that the Court re-set the conference "in or after the week of March 19, 2018" because "both of plaintiffs' counsel will be out of the office and have a scheduling conflict that prevents their attendance at the conference."[17] Defendants have not responded to the motion or sought more time in which to do so. See Local Rule 7-4.01(B). The Court will grant Plaintiffs' unopposed motion to continue the Rule 16 Conference.

### IV. Motion to dismiss Great Northern's Crossclaim [ECF No. 35]

Great Northern's crossclaim seeks monetary relief from Cellar Defendants for conversion, breach of contract, unjust enrichment, negligent misrepresentation, negligence, gross

---

[13] See Order Setting Rule 16 Conference at 4, filed Feb. 6, 2018 [ECF No. 43].

[14] See Entries of appearance for Cellar Defs., filed Nov. 8, 2017 [ECF Nos. 16 and 18]; Entry of appearance for Great Northern, filed Nov. 13, 2017 [ECF No. 20].

[15] See Answers, filed Nov. 17, 2017 [ECF No. 23] and Dec. 15, 2017 [ECF No. 33].

[16] See Order Setting Rule 16 Conference, filed Feb. 6, 2018 [ECF No. 43].

[17] Pls.' mot. continuance Rule 16 conference [ECF No. 44].

negligence, bailment, and breach of fiduciary duty pertaining to the Buergers' missing wine,[18] claims which Great Northern allegedly also pursues in the Pennsylvania lawsuit.[19] Cellar Defendants move to dismiss Great Northern's crossclaim with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[20] More specifically, Cellar Defendants argue (1) all of the claims in Great Northern's crossclaim are barred by waivers of subrogation which are valid and enforceable under Missouri law; (2) Great Northern's unjust enrichment claim fails to state a claim because Missouri law does not permit a litigant to pursue a quasi-contractual claim in a matter involving an express contract; and (3) Great Northern's "gross negligence" claim is not recognized in Missouri and is merely duplicative of Great Northern's negligence claim.[21] Great Northern opposes the motion on the grounds: (1) the Pennsylvania court dismissed similar arguments; (2) the written agreements between Cellar Defendants and the Buergers address only the storage of the wine and not the rest of those parties' relationship, which also encompassed Cellar Defendants advising the Buergers about wine, and selecting, purchasing, and transporting wine for the Buergers; (3) the written agreements were only between the Buergers and Domaine StL (the 2006 agreement) or the Buergers and Domaine NY (the 2012 agreement); and (4) the exculpatory provisions in the written agreements (like the subrogation waiver provisions) are not enforceable when, as here, (a) a defendant engages in intentional conduct or gross negligence, or (b) the provisions are ambiguous as written or as applied.[22]

---

[18] Great Northern's crossclaim [ECF No. 23 at 11-23].

[19] Cellar Defs.' counterclaim para. 17 [ECF No. 33 at 15].

[20] Cellar Defs.' mot. dismiss [ECF No. 35].

[21] Cellar Defs.' mot. dismiss [ECF No. 35].

[22] Great Northern's mem. opp'n Cellar Defs.' mot. dismiss [ECF No. 42].

The parties attached to their motion to dismiss materials a copy of the 2006 Wine Storage Agreement and the 2012 Wine Storage Locker Agreement executed by the Buergers and one of the Cellar Defendants.[23]  Additionally, the parties provided as exhibits to their motion to dismiss materials a copy of Great Northern's complaint, as well as copies of various court rulings and the docket sheet, in the Pennsylvania lawsuit.[24]  In its opposition to the motion to dismiss, Great Northern requests oral argument.[25]  The Court will grant Great Northern's request and schedule oral argument on the motion to dismiss.  Additionally, the Court will require Great Northern and Cellar Defendants to file briefs prior to the argument addressing:  (1) the extent to which, if any, the Court may consider the parties' exhibits in resolving the pending motion to dismiss, see Fed. R. Civ. P. 12(d); and (2) which state's law applies to resolve the substantive issues presented in the motion and opposition to the motion.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that each "non-governmental organizational" Defendant shall file its Certificate **no later than March 5, 2018**.

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion to continue the Rule 16 Conference [ECF No. 44] is **GRANTED** so that the Rule 16 Conference is **RESCHEDULED** for **April 4, 2018**, at **1:30 p.m. before the undersigned in Courtroom 9N on the ninth floor of the Thomas F. Eagleton U.S. Courthouse**.

**IT IS FURTHER ORDERED** that, due to the rescheduling of the Rule 16 Conference, the parties' **Joint Proposed Scheduling Plan** is now due no later than **March 28, 2018**.  All

---

[23]  See Ex. 1 attached to Cellar Defs.' mot. dismiss [ECF No. 35-1 at 16-31] and Exs. F and G attached to Great Northern's opp'n Cellar Defs.' mot. dismiss [ECF Nos. 42-6 and 42-7].

[24]  See Ex. 1 attached to Cellar Defs.' mot. dismiss [ECF No. 35-1]; Exs. A through E attached to Great Northern's mem. opp'n Cellar Defs.' mot. dismiss [ECF No. 42-1 through 42-5].

[25]  Great Northern's mem. opp'n Cellar Defs.' mot. dismiss [ECF No. 42 at 15].

other terms and provisions of the Order Setting Rule 16 Conference [ECF No. 43] remain in full force and effect.

**IT IS FURTHER ORDERED** that Great Northern's request for oral argument on Cellar Defendants' motion to dismiss Great Northern's crossclaim is **GRANTED** so that the oral argument is **SCHEDULED** for **May 2, 2018**, at **10:00 a.m. before the undersigned in Courtroom 9N on the ninth floor of the Thomas F. Eagleton U.S. Courthouse**.

**IT IS FINALLY ORDERED** that, no later than **April 4, 2018**, Cellar Defendants and Great Northern shall file their briefs addressing: (1) the extent to which, if any, the Court may consider the parties' exhibits in resolving the pending motion to dismiss, and (2) which state's law applies to resolve the substantive issues presented in the motion to dismiss and opposition to the motion.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of February, 2018.