UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **NETHERLANDS INSURANCE COMPANY and HAWKEYE-SECURITY INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiffs/Counterclaim Defendants, | ) |
| v. | ) Case no. 4:17cv02585 PLC |
| **CELLAR ADVISORS, LLC, DOMAINE SAINT LOUIS, LLC, DOMAINE NEW YORK, LLC, and MARC LAZAR,** | )<br>)<br>) |
| Defendants/Counterclaimants/<br>Crossclaim Defendants, | ) |
| and | ) |
| **GREAT NORTHERN INSURANCE COMPANY,** | )<br>) |
| Defendant/Crossclaimant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for consolidation [ECF No. 49] of this case with another pending case, The Cincinnati Specialty Underwriters Ins. Co. v. Cellar Advisors, LLC, 4:18cv00112 JCH (E.D. Mo. filed Jan. 24, 2018) ("The Cincinnati lawsuit"), and on review of the record. No party in this case or in The Cincinnati lawsuit filed a response to the motion for consolidation or otherwise opposes the proposed consolidation.

Claims in and status of this lawsuit and The Cincinnati lawsuit

The underlying circumstances at issue in both cases that are the subject of the motion for consolidation arise out of a business relationship that two non-party individuals had from 2005 to 2014 with Cellar Advisors, LLC, Domaine Saint Louis, LLC, Domaine New York, LLC, and

Marc Lazar (the "Lazar Defendants" in this case). The business relationship centered on one or more of the Lazar Defendants recommending, purchasing, transporting, and storing bottles of wine for the two non-party individuals. When that business relationship ended, over 1,000 wine bottles valued at almost $2,000,000 were missing. Great Northern Insurance Company ("Great Northern"), which allegedly provided homeowners' insurance coverage for the two non-party individuals, paid those individuals for their loss and then sued the Lazar Defendants and another by filing an eight-count complaint in a Pennsylvania state court.

Each Plaintiff in this case provided either $1,000,000 per occurrence primary liability insurance (Netherlands Insurance Company) or $1,000,000 per occurrence umbrella liability insurance (Hawkeye-Security Insurance Company) to two or more of the Lazar Defendant business entities, "which are owned, operated, and/or managed by [Defendant] Marc Lazar." (Pls.' Compl. paras. 1, 32, and 33 [ECF No. 1].) Plaintiffs' insurance policies were in effect from July 5, 2012, to July 5, 2013. (Id. paras. 32 and 33.) In The Cincinnati lawsuit, the sole Plaintiff insurance company provided $1,000,000 per occurrence liability coverage to the only named Defendant, Cellar Advisors LLC, from July 5, 2014 to July 5, 2015. (Pl.'s Compl. in The Cincinnati lawsuit para. 8 [ECF No. 1] and insurance policy [ECF No. 1-1 at 8].)

Great Northern is not a Defendant in The Cincinnati lawsuit but is named as a Defendant in this lawsuit. Great Northern filed in this case an eight-count crossclaim against the Lazar Defendants.[1] The parties do not dispute that the eight-count crossclaim in this case presents the same eight claims that Great Northern is pursuing in the Pennsylvania state court case.

In this case, the two plaintiff insurance companies seek a declaration that they need not indemnify or defend any of the Lazar Defendants with respect to the claims Great Northern

---

[1] The Lazar Defendants also filed a counterclaim against Plaintiffs in this case. Cellar Advisors, LLC has not filed a counterclaim in The Cincinnati lawsuit.

pursues against the Lazar Defendants in the Pennsylvania state court case and in the crossclaim in this case. The only Plaintiff insurance company in The Cincinnati lawsuit seeks a declaration that it need not indemnify or defend the only Defendant in that lawsuit, Cellar Advisors, LLC, with respect to the claims Great Northern pursues against Cellar Advisors, LLC in the Pennsylvania state court case. In both this case and The Cincinnati lawsuit, the insurance company Plaintiffs deny coverage for numerous reasons, including various exclusion provisions in Plaintiffs' policies and because: (1) one or more of Great Northern's claims do not constitute "occurrences" under the insurance policies' provisions; and (2) there is no "property damage" as required by the policies' provisions due to the absence of an allegation by Great Northern that the wine itself was physically damaged.

## Motion for Consolidation

Plaintiffs in this case filed a motion for consolidation of this case and The Cincinnati lawsuit. Plaintiffs urge the Court to grant consolidation on the grounds the actions are related, consolidation would "conserve the resources of the Court and the parties," and the three plaintiff insurance companies denied coverage "on the same or similar bases." No litigant in either of the two cases opposes consolidation.

Pursuant to Local Rule 42-4.03, the district judge or magistrate judge presiding over the lowest-numbered case resolves a motion seeking to consolidate two or more cases pending in this district. If the court grants consolidation, the consolidated cases are reassigned to the judge presiding in the lowest-numbered case. Id. Because this case has a lower number than The Cincinnati lawsuit, the undersigned resolves the pending consolidation motion and receives The Cincinnati lawsuit by reassignment if the motion is granted.

Federal Rule of Civil Procedure 42(a)(2) allows a court to consolidate multiple lawsuits

when the cases involve a common question of law or fact.  In general, consolidation under Rule 42(a) means the cases "join[] together" but they retain their "independent character" and do not "complete[ly] merge."  Hall v. Hall, 138 S. Ct. 1118, 1125 (2018) (concluding an appeal in one consolidated case may proceed despite the pendency before the district court of the other cases consolidated with it); see also id. at 1125-1131; accord Horizon Asset Mgmt., Inc. v. H & R Block, Inc., 580 F.3d 755, 769 (8th Cir. 2009) (a consolidated case retains its independent status and the plaintiffs "in a consolidated action . . . are still 'entitled to a decision on the merits of their claims'" (quoting DeGraffenreid v. General Motors Assembly Div., St. Louis, 558 F.2d 480, 486 (8th Cir. 1977)).  Importantly, a district court has "substantial discretion in deciding whether and to what extent to consolidate cases."  Hall, 138 S. Ct. at 1131.  A district court does not abuse its discretion when consolidating actions that involve "common parties, overlapping legal issues, and related factual scenarios" and the consolidation does not "cause unfair prejudice."  Horizon Asset Mgmt., Inc., 580 F.3d at 769.  Those circumstances exist here.

Although the two insurance company plaintiffs in this case are not identical to the only insurance company Plaintiff in The Cincinnati lawsuit, all three Plaintiffs seek a declaration whether they must defend and/or indemnify one or more of the Lazar Defendants with respect to the claims Great Northern pursues against the Lazar Defendants for the missing wine.  The four Lazar Defendants named in this lawsuit include the sole Defendant named in The Cincinnati lawsuit.  Furthermore, the conduct of each of the four Lazar Defendants challenged in Great Northern's claims is interrelated and is nearly identical, if not identical.  In other words, the conduct of each of the Lazar Defendants challenged by Great Northern and subject to insurance policy coverage issues appears to fall within the business relationship the Lazar Defendants had with the two non-party individuals.  Therefore, the two cases share common Defendants and

arise out of those Defendants' alleged participation in the same underlying factual scenario and effort to obtain coverage by their liability insurers.

Moreover, while resolution of the coverage issues in this case and The Cincinnati lawsuit depends on the language in each Plaintiff's relevant insurance policy, any distinction in policy language does not preclude consolidation because the same allegations and claims pursued by Great Northern are the focus of the indemnity and defense coverage issues in each of the cases proposed for consolidation. Additionally, as far as the records in the cases proposed for consolidation now reveal, issues pertaining to the legal principles and relevant state law applicable to resolve the insurance policy coverage issues in both lawsuits overlap. Finally, no litigant asserts the proposed consolidation would "cause unfair prejudice."

Concluding this case and The Cincinnati lawsuit involve common Defendants, have overlapping legal issues, and arise out of the same underlying factual scenario, and finding no unfair prejudice caused by the proposed consolidation, the undersigned grants the unopposed motion for consolidation under Federal Rule of Civil Procedure 42(a)(2). According to Local Rule 42-4.03, the Clerk will reassign The Cincinnati lawsuit to the undersigned United States Magistrate Judge and consolidate that lawsuit with this case for all purposes.

Review of the records in each consolidated case

The Cincinnati lawsuit was not originally assigned to a United States Magistrate Judge. Therefore, the parties in that lawsuit have not had the opportunity to file their consent to the authority of a United States Magistrate Judge under 28 U.S.C. Section 636 to preside over that case. The undersigned sets a deadline by which the litigants in The Cincinnati lawsuit must submit their completed consent forms.

A review of the complaint and answer in The Cincinnati lawsuit reveals a need to clarify

the citizenship of the litigants for purposes of the Court's exercise of diversity jurisdiction over that lawsuit.  A federal court's diversity jurisdiction requires "complete diversity of citizenship among the litigants . . . [which] exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  One Point Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  Because the complaint and answer in The Cincinnati lawsuit do not clearly disclose complete diversity of citizenship exists between Plaintiff and Defendant in that lawsuit, the undersigned also sets a deadline by which those litigants disclose their state(s) of citizenship.  In particular,  (1) The Cincinnati Specialty Underwriters Insurance Company's statement must disclose the state(s) where (a) it is incorporated and (b) it has its principal place of business, see 28 U.S.C. § 1332(c)(1); and (2) Cellar Advisors, LLC's statement must disclose the state(s) of which each of its members is a citizen, see One Point Sols., LLC, 486 F.3d at 346 (for purposes of diversity jurisdiction "[a]n LLC's citizenship . . . is the citizenship of each of its members").

Additionally, a review of the record in each of the consolidated cases shows that the parties in this case participated in a Rule 16 conference but the litigants in The Cincinnati lawsuit have not yet done so.  By separate order, the undersigned schedules a Rule 16 conference for the parties in The Cincinnati lawsuit.  Those parties are directed to review the terms of the Case Management Order ("CMO") entered in this lawsuit and make every effort to use that schedule as the schedule in their Joint Proposed Scheduling Plan ("JSP").  If the parties in The Cincinnati lawsuit suggest dates other than the dates in the CMO in this case, they must include in their JSP explanations for their proposed deviations from the CMO's schedule.  To coordinate the proceedings in the consolidated cases, the undersigned also reschedules to the date of the Rule 16 conference in The Cincinnati lawsuit the argument now scheduled in this lawsuit for May 2, 2018.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiffs' unopposed motion for consolidation [ECF No. 49] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall assign <u>The Cincinnati Specialty Underwriters Ins. Co. v. Cellar Advisors, LLC</u>, No. 4:18cv00112 JCH to the undersigned United States Magistrate Judge and **CONSOLIDATE** it with this case for all purposes. All subsequent documents shall be filed only under this case number, 4:17cv02585 PLC.

**IT IS FURTHER ORDERED** that, **no later than May 7, 2018**, The Cincinnati Specialty Underwriters Insurance Company and Cellar Advisors, LLC shall submit to the Clerk's Office their completed consent forms (which are available online) regarding the authority of the undersigned magistrate judge (or a district judge) to preside over <u>The Cincinnati</u> lawsuit.

**IT IS FURTHER ORDERED** that, **no later than May 7, 2018**, (1) The Cincinnati Specialty Underwriters Insurance Company shall file a statement disclosing the state(s) where (a) it is incorporated and (b) it has its principal place of business, and (2) Cellar Advisors, LLC shall file a statement disclosing the state(s) of which each of its members is a citizen.

**IT IS FURTHER ORDERED** that the oral argument now scheduled for 10:00 a.m. on May 2, 2018, is **RESCHEDULED** for <u>**June 13, 2018**</u>, with the argument to begin as promptly as possible after conclusion of the Rule 16 conference which is also scheduled for June 13, 2018. The scheduled argument will focus on (1) the Lazar Defendants' motion to dismiss the eight-count crossclaim filed by Great Northern Insurance Company in this case (including argument on (a) the extent to which, if any, the Court may consider the exhibits submitted by Great Northern when resolving the motion to dismiss, and (b) which state's law applies to resolve the substantive issues presented in the motion and opposition to the motion), and (2) the abstention

issues arising out of Great Northern Insurance Company's identical claims pending in the complaint in the Pennsylvania state court action and in the crossclaim in this case.

**IT IS FINALLY ORDERED** that the Clerk shall file a copy of this Memorandum and Order in <u>The Cincinnati</u> lawsuit, case no. 4:18cv00112.

<i>Patricia L. Cohen</i>

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this <u>26th</u> day of April, 2018